**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

DENISE PAYNE, individually,

Plaintiff,

Case No.: ___________________________

v.

AMD FOOD CORP., d/b/a
PRICE CHOICE SUPERMARKET,
a Florida corporation,

Defendant.
_________________________________________/

**COMPLAINT**
(*injunctive relief demanded*)

Plaintiff, DENISE PAYNE, individually (sometimes referred to as **"Plaintiff"**), on her own behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendant, AMD FOOD CORP., d/b/a PRICE CHOICE SUPERMARKET, a Florida corporation, (sometimes referred to as **"Defendant"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

1. Plaintiff, DENISE PAYNE, is an individual residing in Palm Beach County, Florida.

2. Defendant owns and operates the grocery store generally located at 109 N. STATE RD. 7, PLANTATION, FL 33317 in BROWARD COUNTY (**"Property"**).

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendant's Property is located in and Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, DENISE PAYNE, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Ms. Payne has cerebral palsy and uses a wheelchair to ambulate. Ms. Payne has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Ms. Payne has visited the Property, which forms the basis of this lawsuit, and plans to return to the Property in the near future, to avail herself of the goods and services offered to the public at the Property, if the Property is made accessible. Ms. Payne recently lived in Broward County, now lives in Palm Beach County, and regularly travels throughout Broward County for various activities, including stopping at grocery stores for shopping activities. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered her safety. In addition, under Title III of the ADA, Plaintiff has standing as a tester of ADA compliance.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is the grocery store known as PRICE CHOICE SUPERMARKET, and as PRICE CHOICE #10.

7. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's noncompliance with the ADA with respect to Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA

by Defendant. Plaintiff desires to visit the Property in the near future, not only to avail herself of the goods and services available at the Property, but to assure herself that the Property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property and building, as prohibited by 42 U.S.C. § 12182 *et seq.*

9. Defendant has discriminated, and is continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Ms. Payne has personally encountered include, but are not limited to:

**Access to Goods and Services**

a. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

**Public Restrooms**

b. There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

c. The plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to the location of shelving. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

d. The plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the

restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

e. The plaintiff had difficulty using the grab bars as they were not the correct length and they did not extend the required distance. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

f. The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet is mounted at a non-compliant distance from the wall in violation of Section 4.16.2 and Figure 28 of the ADAAG, whose resolution is readily achievable.

g. The plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG, whose resolution is readily achievable.

10. The discriminatory violations described in paragraph 9 are not an exclusive list of Defendant's ADA violations. Plaintiff requires the inspection of Defendant's Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly situated, has been denied access to, and has been denied the benefits of services, programs and activities of Defendant's Property, and has otherwise been discriminated against and damaged by Defendant because of Defendant's ADA violations, as set forth above. Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendant's Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

11. Defendant has discriminated against Plaintiff, and all others similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, Defendant continues to discriminate against Plaintiff, and all

others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its Property, that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's Property since January 26, 1992, then Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the Property are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and, finally, if Defendant's Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff has satisfied all other conditions precedent to the filing of this action, or such conditions precedent have been waived by Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendant to alter the Property to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment determining that Defendant at the commencement of the subject lawsuit is in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against Defendant including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this 10th day of March, 2016.

*Respectfully submitted,*

**ESPINOSA LAW GROUP**
10625 N. Kendall Dr.
Miami, FL 33176-1510
Tel.: 305-655-1501
E-mail: despinosa@espinosalawgroup.com

By: */s/ Daniel Alberto Espinosa*
Daniel Alberto Espinosa, Esq.
Florida Bar No. 81686

*Counsel For The Disabled*