UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DENISE PAYNE, individually,

    Plaintiff,

Case No.: 0:16-cv-60474-MGC

v.

AMD FOOD CORP., d/b/a
PRICE CHOICE SUPERMARKET,
a Florida corporation,

    Defendant.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff DENISE PAYNE, pursuant to the Court's Order of Court Mandated Requirements in ADA-Based Cases (DE 6), hereby submits her statement of claim,[1] as follows:

**Discrimination complained of by Plaintiff, and proposed relief:**

There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG. Defendant should provide proper signage.

In a public restroom, Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to the location of shelving. The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG. Defendant should provide the required latch-side clearance in order to provide a compliant maneuvering clearance.

---

[1] Plaintiff refers to her Complaint (DE 1) for a full statement of her cause of action in this proceeding. In addition, the discriminatory violations described in this Statement of Claim are not an exclusive list of Defendant's ADA violations. Plaintiff requires the Rule 34 inspection of the property, whereupon an expert report will contain detailed findings and recommendations.

In a public restroom, Plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG. Defendant should lower the height of the paper towel dispensers and otherwise provide compliant paper towel dispensers.

In a public restroom, Plaintiff had difficulty using the grab bars as they were not the correct length and they did not extend the required distance. The grab bars do not comply with the requirements prescribed in Sections 4.16.4 and Figure 29 of the ADAAG. Defendant should extend the grab bars the required distance.

In a public restroom, Plaintiff had difficulty using the toilet without assistance because it was not mounted at the required distance from the wall. The water closet is mounted at a non-compliant distance from the wall in violation of Section 4.16.2 and Figure 28 of the ADAAG. Defendant should mount the toilet at the required distance from the wall and mount the water closet at a compliant distance from the wall.

In a public restroom, Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG. Defendant should mount the toilet paper dispenser at the required location.

With respect to all of the above, Defendant should institute an appropriate policy so as to maintain Defendant's property in a manner complaint with the ADA.

**DATED** this <u>31st</u> day of <u>March</u>, 2016.

Respectfully submitted,

**ESPINOSA LAW GROUP**
10625 N. Kendall Dr.

– 2 –
**ESPINOSA LAW GROUP**
TRIAL LAWYERS

>Miami, FL 33176-1510
>Tel.: 305-655-1501
>E-mail: despinosa@espinosalawgroup.com
>
>By: */s/ Daniel Alberto Espinosa*
>    Daniel Alberto Espinosa, Esq.
>    Florida Bar No. 81686
>
>*Counsel For The Disabled*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the Electronic Case Filing System, on this 31st day of March, 2016.

>By: */s/ Daniel Alberto Espinosa*
>    Daniel Alberto Espinosa, Esq.
>    Florida Bar No. 81686

– 3 –
**ESPINOSA LAW GROUP**
TRIAL LAWYERS